IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRY JACKSON,

                                                                                                                                       O P I N I O N A N D O R D E R

                Plaintiff,

                                                                                                                             19-cv-279-bbc

      v.

SANDRA LA DU-IVES, LIEUTENANT LUCAS VOLDEN,
JOHN DOE DOCTOR, NURSE PRACTITIONER NICK,
NURSE JESSICA, NURSE ALEXIS AND NURSE MARY,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Terry Jackson filed a civil action under 42 U.S.C. § 1983, contending that staff at the Marathon County jail violated his constitutional rights by denying him access to medications, retaliating against him and failing to schedule him for an x-ray in a timely manner. His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether any portion of his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

      I conclude that plaintiff may not proceed with his lawsuit for two reasons. First, his complaint does not contain allegations sufficient to state a claim against any defendant. Second, his complaint appears to contain unrelated claims and multiple defendants. Therefore, I will dismiss plaintiff's claim without prejudice, but will give plaintiff an opportunity to file an amended complaint that corrects these problems. After plaintiff files

an amended complaint, I will determine whether he may proceed with any of his claims.

Plaintiff alleges the following facts in his complaint.

ALLEGATIONS OF FACT

Plaintiff Terry Jackson was arrested on January 3, 2019 and incarcerated at the Marathon County jail. The next day, plaintiff discussed his medications with a nurse. Defendant Dr. John Doe approved plaintiff's five medications, which included Xarelto, a blood thinner. Because plaintiff is a disabled veteran, he does not have to pay for his medications. They are shipped monthly from Wausau, Wisconsin to plaintiff's sister. Jail staff agreed that plaintiff's sister could drop off plaintiff's sealed medications every month at the jail and that jail staff would then dispense the medications. (Plaintiff does not say who approved this.) Plaintiff's sister brought his medications to the jail for almost three months without incident.

On March 4, 2019, a nurse accidentally placed an order for two of plaintiff's medications, including Xarelto, which costs $417.39 a month. Plaintiff notified defendant Sandra La Du-Ives, the jail administrator, that the medications had been ordered in error and plaintiff requested a refund. It took approximately three weeks for plaintiff's money to be refunded to his account.

Shortly after the money was refunded, defendant Lieutenant Lucas Volden told plaintiff that La Du-Ives had decided that plaintiff's medications could no longer be brought to the jail by plaintiff's sister. La Du-Ives also notified plaintiff that the jail would no longer

dispense medications brought by his sister. Another inmate is still permitted to order medications directly from a pharmacy in Milwaukee.

In 2001, plaintiff contracted tuberculosis while incarcerated at the Marathon County jail. After he was incarcerated in January 2019, jail staff arranged for him to have a chest x-ray in April 2019.

OPINION

Plaintiff states that he is bringing the following claims: (1) a Fourteenth Amendment claim against Sandra La Du-Ives and jail medical staff for denying him the medications brought to the jail by his sister; (2) a Fourteenth Amendment claim against jail medical staff for failing to schedule a chest x-ray in a timely fashion; and (3) a First Amendment retaliation claim against La Du-Ives. I will address each of these claims below.

A. Fourteenth Amendment Claims

The Fourteenth Amendment applies to claims brought by pretrial detainees, who are not convicted prisoners. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). A prison or jail official violates the Fourteenth Amendment if the official's actions are "objectively unreasonable." Id.; Miranda v. County of Lake, 900 F.3d 335, 350-53 (7th Cir. 2018). To state a claim that jail staff violated his Fourteenth Amendment rights to adequate medical care, plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) jail staff's response to it was objectively unreasonable. Miranda,

3

900 F.3d at 352-53. A showing of negligence or even gross negligence is not sufficient under either the Eighth or Fourteenth Amendment. Id.

Plaintiff's allegations are too vague to meet this standard. As for his claim regarding his medications, I can assume for purposes of screening that he has objectively serious medical conditions that require him to take prescription medication. However, plaintiff's allegations do not suggest that defendants' conduct was objectively unreasonable. He alleges only that defendant La Du-Ives decided that his sister could no longer bring his medication to the jail, but he does not explain what happened after La Du-Ives made that decision. It is not clear whether the plaintiff did not receive his medication at all or whether the jail ordered the medication for plaintiff. If plaintiff did not receive any of his medications after La Du-Ives changed the policy regarding medication distribution, then plaintiff would have a potential Fourteenth Amendment claim against her. If plaintiff was still able to receive his medications after the policy change, I can see no basis for a Fourteenth Amendment claim against La Du-Ives in relation to plaintiff's medical care. In addition, although plaintiff says that jail medical staff deprived him of his medications, he includes no facts in his complaint suggesting that jail staff was responsible for changing the policy regarding medication distribution. Therefore, I conclude that plaintiff has failed to state a Fourteenth Amendment claim against any defendant related to medication distribution.

As for his claim about the chest x-ray, plaintiff has not explained why he thinks he was objectively unreasonable for medical staff to wait three months to schedule a chest x-ray. He states that he contracted tuberculosis in 2001, but he does not say that he had had a

recent positive test for tuberculosis or that he was suffering from any symptoms of tuberculosis at the time he was incarcerated in January 2019. Therefore, it is unclear why plaintiff thinks he should have had a chest x-ray done sooner. Without more explanation, plaintiff cannot proceed on any claim related to the chest x-ray.

Finally, plaintiff's claims about the medication distribution and the chest x-ray appear to be unrelated. Plaintiff may join claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20; <u>George v. Smith,</u> 507 F.3d 605 (7th Cir. 2007). Because plaintiff's allegations suggest that defendant La Du-Ives was responsible for the change in medication distribution and that medical staff was responsible for delaying the chest x-ray, these claims are against different and unrelated defendants. If plaintiff wishes to challenge unrelated matters against different defendants, he will have to file separate lawsuits.

## B. <u>First Amendment Claim</u>

Plaintiff also contends that defendant La Du-Ives retaliated against him when she told him that the jail would no longer accept medications from his sister. The First Amendment prohibits jail officials from retaliating against prisoners for engaging in activity protected by the First Amendment. However, plaintiff's allegations are too vague to state a claim of this kind. To state a retaliation claim under the First Amendment, plaintiff must plead

5

allegations suggesting that: (1) he was engaging in activity protected by the Constitution; (2) the defendant subjected the plaintiff to adverse treatment because of the plaintiff's constitutionally protected activity; and (3) the defendant's conduct was sufficiently adverse to deter an ordinary prisoner from engaging in the protected activity in the future. Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012); Bridges v. Gilbert, 557 F.3d 541, 555-56 (7th Cir. 2009). In this instance, plaintiff does not allege facts suggesting that he engaged in activity protected by the First Amendment. In addition, he does not say why he believes defendant La Du-Ives would be motivated to retaliate against him. Therefore, his allegations are not sufficient to state a retaliation claim.

### C. Plaintiff May File an Amended Complaint

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Because plaintiff's complaint does not include enough information to meet this standard, it does not comply with Rule 8. Accordingly, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that includes the allegations that are missing from this proposed complaint.

If plaintiff chooses to file an amended complaint, he should keep it short and to the

point and draft it as if he were telling a story to people who know nothing about his situation. In particular, he should include allegations that would allow someone reading the complaint to answer the following questions:

- Does plaintiff think he engaged in activity protected by the First Amendment, and why?

- Why does plaintiff think defendant Sandra La Du-Ives prohibited his sister from bringing medications to the jail?

- Was plaintiff able to continue taking his medications after La Du-Ives prohibited his sister from bringing the medications to the jail?

- Why does plaintiff think that the individual members of the jail staff were responsible for violating his rights?

- Why does plaintiff think he needed a chest x-ray immediately upon his incarceration in January 2019?

- Did plaintiff suffer any injury because of he did not receive an x-ray until April 2019?

- How is plaintiff's claim about the chest x-ray related to his claim about his medications?

If plaintiff's amended complaint satisfies Rule 8 and Rule 20 of the Federal Rules of Civil Procedure, I will consider the merits of his claims.

ORDER

IT IS ORDERED that plaintiff Terry Jackson's complaint is DISMISSED without prejudice for its failure to comply with Fed. R. Civ. P. 8 and 20. Plaintiff may have until September 27, 2019 to file an amended complaint that complies with the federal rules as set forth above. If plaintiff does not file an amended complaint by September 27, 2019, the clerk of court is directed to close this case.

Entered this 6th day of September, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge